UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62066-KAM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FRANK A. SPINOSA,

    Defendant.

_____

**DEFENDANT FRANK A. SPINOSA'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDEDCOMPLAINT**

Defendant Frank A. Spinosa ("Defendant" or "Spinosa"), hereby files his Answer and Affirmative Defenses to the Amended Complaint and asserts the following affirmative defenses thereto, as follows.

## ANSWER

1. Denied.

2. Spinosa admits on information and belief that Scott Rothstein ("Rothstein") conducted a Ponzi scheme through his law firm Rothstein, Rosenfeldt and Adler, PA ("RRA"), and Rothstein and RRA had accounts at TD Bank, N.A., but denies having any knowledge of or participated in any fraud perpetrated by Rothstein, and Spinosa is without knowledge as to all other allegations contained in paragraph 2 and therefore, denied.

3. Spinosa admits that he was a TD Bank Regional Vice President, but denies the remainder of paragraph 3.

4. Denied.

5. Denied.

6. Admit that Spinosa resides in Fort Lauderdale, Florida. Admit Spinosa worked for



Commerce Bank and that Spinosa was a Regional Vice President for TD Bank and he worked in Broward and Palm Beach Counties, Florida. All other allegations not specifically admitted herein are denied.

7. Spinosa admits that TD Bank is a national banking association with main offices in Wilmington, Delaware, and that it is currently authorized to do business in Florida and maintains offices and locations throughout Florida. All other allegations of paragraph 7, not specifically admitted are without knowledge and therefore denied.

8. Spinosa admits that Rothstein is currently in federal prison for operating a Ponzi scheme. Spinosa is without knowledge of the remainder of allegations of paragraph 8, and therefore, denied.

9. Spinosa admits RRA was a law firm in Fort Lauderdale, Florida. Spinosa is without knowledge as to the remainder of allegations of paragraph 9, and therefore, denied.

10. Admitted for jurisdiction purposes only.

11. Admitted for jurisdiction purposes only.

12. Denied.

13. Spinosa is without knowledge regarding the allegations in paragraph 13, and therefore denied.

14. Spinosa is without knowledge regarding the allegations in paragraph 14, and therefore denied.

15. Spinosa is without knowledge regarding the allegations in paragraph 15, and therefore denied.

16. Spinosa is without knowledge regarding the allegations in paragraph 16, and therefore denied.

17. Spinosa admits that RRA had accounts at Commerce Bank and then TD Bank at some time. Spinosa is without knowledge regarding the remainder of allegations of paragraph 17, and therefore denied.

18. Spinosa is without knowledge regarding the allegations in paragraph 18, and therefore denied.

19. Spinosa is without knowledge regarding the allegations in paragraph 19, and therefore denied.

20. Spinosa admits that he worked for TD Bank in October 2008 and Rothstein was a bank client, and Spinosa on occasion spoke with Rothstein and may email him. All other allegations not specifically admitted in paragraph 20 are hereby denied.

21. Denied as to compensation and bonuses on the size and volume of accounts at the branches he managed, and without knowledge as to the remainder of paragraph 21, not specifically admitted herein, and thus denied.

22. Spinosa is without knowledge as to knowledge investors may or may not have had, and the remainder of the allegations of paragraph 22, are denied.

23. Spinosa is without knowledge as to the allegations of paragraph 23 and therefore, denied.

24. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 24 not specifically admitted herein are denied..

25. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 25 not specifically admitted herein are denied.

26. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 26, Spinosa is without knowledge and therefore, denied.

27. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 27, are denied.

28. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 28, Spinosa is without knowledge and thus, are denied.

29. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 29, Spinosa is without knowledge and thus, are denied.

30. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 30, Spinosa is without knowledge and thus, are denied.

31. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 31, Spinosa is without knowledge and thus, are denied.

32. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 32, Spinosa is without knowledge and thus, are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 37, Spinosa is without knowledge and thus, are denied.

38. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 38, Spinosa is without knowledge and thus, are denied.

39. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 39, Spinosa is without knowledge and thus, are denied.

40. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 40, Spinosa is without knowledge and thus, are denied.

41. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 41, Spinosa is without knowledge and thus, are denied.

42. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 42, Spinosa is without knowledge and thus, are denied.

43. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 43, Spinosa is without knowledge and thus, are denied.

44. Spinosa states that any letters actually authored by Spinosa or actually signed by

Spinosa, speak for themselves, the remainder of the allegations of paragraph 44, Spinosa is without knowledge and thus, are denied.

45. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 45, Spinosa is without knowledge and thus, are denied.

46. Spinosa states that any letters actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 46, are denied.

47. Denied.

48. Denied.

49. Denied.

50. Spinosa states that any letters or emails actually authored by Spinosa or actually signed by Spinosa, speak for themselves, the remainder of the allegations of paragraph 50, are denied.

51. .Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Spinosa is without knowledge as to the allegations of paragraph 59, and thus, denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## Count I
### Fraud in Violation of Section 17(a)(1) of the Securities Act

64. Spinosa, reasserts and affirms his responses to paragraphs 1 through 63 as if fully set forth herein.

65. Denied.

66. Denied.

## Count II
### Fraud in Violation of Section 17(a)(2) and 17(a)(3) of the Securities Act

67. Spinosa, reasserts and affirms his responses to paragraphs 1 through 63 as if fully set forth herein.

68. Denied.

69. Denied.

## Count III
### Fraud in Violation of Section 10(b) of the Exchange Act and Rule 10b-5

70. Spinosa, reasserts and affirms his responses to paragraphs 1 through 63 as if fully set forth herein.

71. Denied.

72. Denied.

## Count IV
### Aiding and Abetting Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act

73. Spinosa, reasserts and affirms his responses to paragraphs 1 through 63 as if fully set

forth herein.

74. Denied.

75. Denied.

76. Denied.

## RELIEF REQUESTED

As to the "Wherefore" clauses following paragraph 76 of the Amended Complaint, Spinosa admits only that the Complaint attempts to seek certain remedies, but denies that the SEC is entitled to any recovery against Spinosa.

## GENERAL DENIAL

Spinosa denies all characteristics in headings in the Amended Complaint and denies all allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Spinosa asserts the following affirmative defenses to the Amended Complaint and reserves the right to amend these defenses as discovery continues or the facts warrant.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The claims asserted against Spinosa should be dismissed for failure to state a claim, either because the claims asserted are not recognized, or because, even if recognized, Plaintiff has to properly plead and sufficiently allege all of the elements as to each and every claim alleged in the Complaint against Spinosa and have failed to plead the elements of each and every cause of action with the required particularity and specificity.

### SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred because Spinosa acted in good faith for legitimate business purposes at all times and without the requisite scienter required to prove fraud with respect to its banking customer Rothstein. Indeed, Plaintiff's allegations only show that Spinosa engaged in typical banking transactions with Rothstein.

### THIRD AFFIRMATIVE DEFENSE
### (No Actual Knowledge)

Plaintiff's claims against Spinosa for knowingly or recklessly substantially assisting Rothstein's violations of Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5, 17 C.F.R. Section 240.10b-5, are barred because Spinosa did not have actual knowledge of Rothstein's fraudulent scheme.

### FOURTH AFFIRMATIVE DEFENSE
### (No knowledge, scienter or intent)

Spinosa did not act with sufficient knowledge, scienter or intent as required pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

### FIFTH AFFIRMATIVE DEFENSE
### (No Benefit)

Spinosa did not personally benefit from any alleged actions taken by Rothstein during his Ponzi scheme.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The claim in this matter is barred in whole or in part by the applicable statute of limitations, the doctrine of laches and/or other equitable principles.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Intent)

Spinosa failed to act with the requisite knowledge and intent to rise to the level of fraud, and therefore, Plaintiff's claims fail as a matter of law.

## RESERVATION OF RIGHTS

Spinosa reserves his rights to amend his affirmative defenses upon further discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Spinosa demands a jury trial on all issues so triable.

WHEREFORE, Defendant Spinosa respectfully requests that this Court: a) dismiss this case, with prejudice, and/or otherwise deny all of the Commission's relief sought against Spinosa; b) enter judgment in Spinosa's favor in this case, and after the judgment is final and non-appealable determine, upon an appropriate application by Spinosa, that Spinosa is the "prevailing party" within the meaning of the Equal Access to Justice Act ("EAJA"), and award Spinosa reasonable attorney's fees and costs for defending this litigation; and, (c) award Spinosa such other relief this Court deems just and proper.

Dated: August 15, 2014

Respectfully submitted,

LAW OFFICE OF SAMUEL J. RABIN, JR., P.A.
SAMUEL J. RABIN, JR.
*Counsel for Defendant Frank Spinosa*
800 Brickell Avenue, Suite 1400
Miami, FL 33131
Telephone: (305) 358-1064
Facsimile: (305) 372-1644
E-Mail: sjr@miamilawyer.com

-and-

SCHLESINGER AND ASSOCIATES, P.A.
*Counsel for Defendant Frank Spinosa*
800 Brickell Avenue, Suite 1400
Miami, FL 33131
Telephone: (305) 373-8993
Facsimile: (305) 373-8098
Email: mjs@mjsjd.com
Email: jkerr@mjsjd.com
Email: lacayovalle@mjsjd.com
Email: hcorrea@mjsjd.com
Email: eservice@mjsjd.com

11

By: /s/ Jennifer A. Kerr
MICHAEL J. SCHLESINGER
Florida Bar No.: 141852
JENNIFER A. KERR
Florida Bar No.: 149624
RAQUEL A. LACAYO-VALLE
Florida Bar No.: 109931
HELOIZA A. CORREA
Florida Bar No.: 78124

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 15th day of August, 2014 via CMC/ECF to:

## SERVICE LIST

| | |
|---|---|
| Amie R. Berlin, Esq.<br>Steven J. Meiner, Esq.<br>U.S. Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1800<br>Miami, FL 33131<br>*Counsel for Plaintiff* | berlina@sec.gov<br>meiners@sec.gov |
| Samuel J. Rabin, Jr., Esq.<br>Law Office Of Samuel J. Rabin, Jr., P.A.<br>799 Brickell Plaza – Suite 606<br>Miami, FL 33131<br>*Counsel for Defendant Frank Spinosa* | sjr@miamilawyer.com |

By: /s/ Jennifer A. Kerr
Jennifer A. Kerr