UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:0:13-cv-62066-MARRA

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  v.

FRANK SPINOSA,

      Defendant.

_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT FRANK SPINOSA

This cause is before the Court on Plaintiff's Unopposed Motion for Entry of Judgment Against Defendant Frank Spinosa Based on his Consent to Judgment and for the Time to File the Commission's Motion to Set a Civil Penalty Amount. (DE 63). After reviewing the motion and Defendant's Consent (DE 63-1), it is hereby **ORDERED AND ADJUDGED** that the unopposed motion (DE 63) is **GRANTED**.

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant Frank Spinosa. In its Complaint and Amended Complaint, the Commission sought, among other relief against Spinosa: (1) a permanent injunction to prohibit violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; and (2) a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Spinosa has entered a general appearance and consented to the Court's jurisdiction over him and the subject

matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment.  This Court having accepted Spinosa's Consent, having jurisdiction over Spinosa and the subject matter of this action:

I.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Spinosa, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Sections 17(a)(1)-(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to:

(1) employ any device, scheme, or artifice to defraud;

(2) obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either

relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

(A) any investment in or offering of securities;

(B) the success of any product or company; or

(C) the risks or safety of any securities investment.

## II.

## SECTION 10(b) AND RULE 10b-5(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Spinosa, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading by, directly or indirectly:

(1) creating a false appearance or otherwise deceiving any person, or

(2) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

(A) any investment in or offering of securities;

(B) the success of any product or company; or

(C) the risks or safety of any securities investment.

## III.

## A CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Spinosa shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amount of the civil penalty upon motion of the Commission. In connection with the Commission's motion to set the civil penalty amount, and at any hearing held on such a motion: (a) Spinosa will be precluded from arguing that he did not violate the federal securities laws as alleged in the Amended Complaint; (b) Spinosa may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion to set the civil penalty amount, the parties may take discovery, including discovery from appropriate non-parties.

## IV.

## INCORPORATION OF SPINOSA'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Frank Spinosa (DE 63-1) is incorporated herein with the same force and effect as if fully set forth herein, and that Spinosa shall comply with all of the undertakings and agreements set forth therein.

## V.

### <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and determining the amount of the civil penalty.

## VI.

### <u>CERTIFICATION UNDER RULE 54(b)</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of January, 2015.

_____
KENNETH A. MARRA
United States District Judge

Copies to all counsel and parties of record